IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ALEX PERRY NEAL, #195743 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.  4:22cv894 |
| | § | |
| STATE OF TEXAS, ET AL. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

*Pro se* Petitioner Alex Perry Neal filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Dkt. #3), which was transferred to this Court from the Dallas Division of the Northern District of Texas (Dkt. #5). The petition was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

Petitioner filed a document titled "Writ of Habeas Corpus Cause #296-82971-2022." (Dkt. #3). Petitioner's document was filed as a petition pursuant to 28 U.S.C. § 2241, because he appears to be attacking the validity of his criminal charge filed by indictment in the 296th District Court, Collin County, Texas, Cause No. 296-82971-2022. (Dkt. #3). However, Petitioner has already filed a § 2241 petition concerning the same Collin County criminal charge, Cause No. 296-82971-2022, in Civil Action No. 4:22-cv-846. The petitions are identical in all material respects; thus, it appears that this petition was improvidently filed as a new case. Accordingly, this case should be closed as improvidently filed.

Petitioner is advised that he should file any additional documents related to his Collin County criminal charge, Cause No. 296-82971-2022, in his already pending case, Civil Action No. 4:22-cv-846. Petitioner should be careful to place the cause number, Civil Action No. 4:22-cv-

1

846, on all documents that he submits as part of that case. The Court notes that, in Civil Action No. 4:22-cv-846, the Court has ordered Petitioner (1) to complete a standard § 2241 form fully and legibly and to submit it to the Court and (2) to either pay the $5.00 filing fee or submit an application to proceed *in forma pauperis*, together with an *in forma pauperis* data sheet. (Civil Action No. 4:22-cv-846, Dkt. #3). The Court advised Petitioner that any other documents will not be accepted, except for a motion for an extension of time, until Petitioner complies with that Order. (Civil Action No. 4:22-cv-846, Dkt. #3). Finally, the Court cautioned Petitioner that failure to comply with the Order may result in the dismissal of the case. (Civil Action No. 4:22-cv-846, Dkt. #3).

## RECOMMENDATION

It is recommended that this case be closed as improvidently filed.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*,

79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**SIGNED this 1st day of November, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE